**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>KEVIN TODD BREHM,<br><br>              Defendant. | **Case No.**    **1:23-cr-02037-SAB-2**<br><br>**CRIMINAL MINUTES**<br><br>**DATE:**    **03/30/2026**<br><br>**LOCATION:**  **YAKIMA, WA**<br><br>**SENTENCING** |

**CHIEF JUDGE STANLEY A. BASTIAN**

| Ruby Mendoza | | | Marilynn McMartin |
|---|---|---|---|
| **Courtroom Deputy** | **Law Clerk** | **Interpreter** | **Court Reporter** |
| Thomas Hanlon<br>Michael Murphy | | Michael Patrick Vander Sys | |
| **Government Counsel** | | **Defense Counsel** | |

| **United States Probation Officer:** Cassie Lerch [video] |
|---|

**[ X ]  Open Court**　　　　**[  ]  Chambers**　　　　**[ X ]  Telecon/Video**

Defendant present and in custody of the US Marshal.

Mr. Vander Sys addresses the Court.

**Recessed:** 10:33 am
**Reconvened:** 10:43 am

Court outlines the case. Defendant pled guilty. Court summarizes maximum penalties and guidelines.  Court has reviewed all of the materials submitted and presentence report.  Offense Level of 27; Criminal History Category Level 6.

No objections to the Presentence Report.  Court accepts the calculations in the Presentence Report.

Cissy Strong speaks to the Court.

Mr. Hanlon presents argument.

## [X]  ORDER FORTHCOMING

| **CONVENED:**    **10:32 A.M.**<br>**RECONVENED:**  **10:43 A.M.** | **RECESSED:**    **10:33 A.M.**<br>**ADJOURNED:**  **10:53 A.M.** | **TIME:**    **1 MIN.**<br>**10 MIN.** | **TOTAL TIME: 11 MIN.** |
|---|---|---|---|

*USA  -vs- Brehm*
1:23-cr-02037-SAB-2
Sentencing Hearing

**03/30/2026**
Page 2

Mr. Vander Sys presents argument and outlines recommendations.

Court speaks to the defendant.

Defendant speaks to the Court.

Court speaks to the defendant.  Court outlines the 3553 factors.  Court accepts recommendation by counsel.

**Imprisonment:**   70 months, defendant shall receive credit for time served. Sentence shall run concurrently with the State of Washington Case under cause number 22-1-00066-20.

**Supervised Release:** 3 years with all the conditions recommended by U.S. Probation and the following special conditions:

1. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

2. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

3. You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

4. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

Court asks if defendant waives the reading of the conditions.
   Mr. Vander Sys  indicates conditions were reviewed and defendant waives a further reading of the conditions.

**Special Penalty Assessment:**  $100.00

**Fine:**  Waived

Court will make recommendation for placement at Terre Haute in Indiana for defendant to participate in the RDAP program and vocational training.

Mr. Hanlon moves to dismiss Count 2 of the Superseding Indictment.
   Court dismisses count.